UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
OAK-JIN OH, :
:
:
Plaintiff, :
:
- against - : 11 Civ. 3764 (DLI) (MDG)
:
:
SOO BOK CHOI, et al., :
:
Defendants. :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE THE FINAL SENTENCE OF PARAGRAPH 23 OF DEFENDANTS' COUNTERCLAIMS

Dated:  July 20, 2012

Alicia Llosa Chang
Michael Scheinkman
Matthew R. Maddox
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

Ivy Suriyopas
ASIAN AMERICAN LEGAL DEFENSE AND
EDUCATION FUND
99 Hudson Street, 12th Floor
New York, New York  10013
Telephone: (212) 966-5932
Facsimile: (212) 966-4303

*Attorneys for Plaintiff Oak-Jin Oh*

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND .......................................................................................................................... 2

ARGUMENT ................................................................................................................................. 5

I.     All Counterclaims Purportedly Asserted by the Appearing Defendants Should Be Stricken ............................................................................................................................ 5

II.    Defendants Have Failed to State a Claim for Defamation ...................................... 6

III.   Defendants Have Failed to State a Claim for Malicious Prosecution ..................... 8

IV.   Defendants' Unfounded Allegations Concerning Plaintiff Should Be Stricken ..... 8

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

CASES

PAGE

*Brown v. Brown*,
   343 F. Supp. 2d 195 (E.D.N.Y. 2004) ..................................................................................8

*Cipolla v. County of Rensselaer*,
   129 F. Supp. 2d 436 (N.D.N.Y. 2001) ..................................................................................7

*In re Crazy Eddie Sec. Litig.*,
   792 F. Supp. 197 (E.D.N.Y. 1992) ......................................................................................6

*Debruyn Produce Co. v. Sobiech*,
   No. 91 Civ. 7995, 1992 WL 168098 (S.D.N.Y. June 30, 1992) ..........................................8

*DiAnnunzio v. Ayken Inc.*,
   No. 11-cv-3303, 2012 WL 2906248 (E.D.N.Y. July 17, 2012) ...........................................7

*Evans v. Waldo*,
   No. 04-CV-566, 2006 WL 2689819 (E.D.N.Y. Sept. 18, 2006) .........................................6

*First Indemnity of America Ins. Co. v. Shinas*,
   No. 03 Civ. 6634, 2009 WL 3154282 (S.D.N.Y. Sept. 30, 2009) .......................................7

*Global View Ltd. Venture Capital v. Great Cent. Basin Exploration, LLC*,
   288 F. Supp. 2d 473 (S.D.N.Y. 2003) ..................................................................................9

*Gray v. City of N.Y.*,
   No. 10-CV-3039, 2011 U.S. Dist. LEXIS 55161 (E.D.N.Y. May 23, 2011) .......................5

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*,
   No. 06-CV-1260, 2009 WL 4547792 (E.D.N.Y. Dec. 1, 2009) .......................................6, 7

*Gucci Am., Inc. v. Exclusive Imports Int'l*,
   No. 99 Civ. 11490, 2001 WL 21253 (S.D.N.Y. Jan. 9, 2001) .............................................6

*Kelly v. Albarino*,
   485 F.3d 664 (2d Cir. 2007) .................................................................................................6

*Lynch v. Southampton Animal Shelter Found.*,
   278 F.R.D. 55 (E.D.N.Y. 2011) ...........................................................................................9

*O'Brien v. Alexander*,
    101 F.3d 1479 (2d. Cir. 1996)..................................................................................8

*Parrish v. Sollecito*,
    No. 01 Civ. 5420, 2002 WL 1072227 (S.D.N.Y. May 24, 2002).............................9

*Rosenberg v. Metlife, Inc.*,
    8 N.Y.3d 359 (2007) ................................................................................................6

*Sexter & Warmflash, P.C. v. Margrabe*,
    38 A.D.3d 163 (1st Dep't 2007) ...............................................................................7

*Valley Disposal Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*,
    113 F.3d 357 (2d Cir. 1997)......................................................................................5

*Weitz v. Wagner*,
    No. 07-cv-1106, 2008 WL 5605669 (E.D.N.Y. July 24, 2008).................................7

## STATUTES & RULES

Fed. R. Civ. P. 8.................................................................................................................7

Fed. R. Civ. P. 11.................................................................................................................4

Fed. R. Civ. P. 12(b)(6)........................................................................................................1

Fed. R. Civ. P. 12(f).........................................................................................................1, 9

Fed. R. Civ. P. 13.................................................................................................................5

Fed. R. Civ. P. 15(a) ............................................................................................................5

Plaintiff Oak-Jin Oh respectfully submits this memorandum of law in support of her motion to dismiss the counterclaims asserted in the answer of Defendants Kyung Bok Choi and Young Mi Choi (the "Answer"), pursuant to Federal Rule of Civil Procedure 12(b)(6), and to strike the final sentence of paragraph 23 of the Answer pursuant to Federal Rule of Civil Procedure 12(f).

## PRELIMINARY STATEMENT

Plaintiff filed this action against a group of family members who trafficked her into the United States, employed her, and refused to pay her wages for twelve years. Plaintiff quickly completed service on four defendants, three of whom – Soo Bok Choi and his children Young Il Choi and Young Jin Choi (the "Appearing Defendants") – retained counsel, appeared in this action, and filed answers to Plaintiff's complaint in December 2011. After serving their own discovery requests on Plaintiff, these Defendants essentially disappeared from this action, ignoring deadlines and leading the two firms that they had retained as counsel to withdraw, citing their clients' complete refusal to cooperate.

Two additional Defendants, Kyung Bok Choi and Young Mi Choi have since appeared in the action, and, represented by new counsel retained by all Defendants, filed the Answer that purports to assert two counterclaims on behalf of five of these Defendants, and a third counterclaim on behalf of Soo Bok Choi. Each of these counterclaims is legally insufficient and should be dismissed accordingly.

*First*, to the extent that the Answer asserts counterclaims on behalf of the Appearing Defendants, those counterclaims should be stricken. The Appearing Defendants filed their own answers seven months ago, and have not sought or been granted leave to amend to assert

1

counterclaims. As a result, the three counterclaims that they tried to sneak in through the Answer of their co-Defendants should be stricken and treated as nullities.

*Second*, Defendants allege that Plaintiff defamed them in her complaint. This claim suffers from one fatal flaw – an unbroken line of case law makes clear that allegations in a complaint are absolutely privileged from defamation claims.

*Third*, Defendants assert a counterclaim for malicious civil prosecution. But because a favorable resolution on the merits is required to assert such a claim, New York law does not permit a defendant to counterclaim for malicious prosecution in the underlying action. Moreover, to maintain a claim for malicious *civil* prosecution, Defendants are required to allege an interference with person or property – they have not and cannot do so.

Finally, Defendants' baseless and malicious suggestion that Plaintiff worked in the Korean adult entertainment industry should be stricken as baseless, scandalous and wholly irrelevant. This gratuitous false allegation has nothing to do with any facts in dispute in this case and is nothing more than an unsuccessful attempt to harass Plaintiff and tar her reputation.

## BACKGROUND

Plaintiff commenced this action on August 3, 2011, alleging that Soo Bok Choi, Sung Bok Choi, Kyung Bok Choi, and several of their family members trafficked her into the United States from South Korea and failed to pay her wages over a twelve-year period in violation of state and federal law. (Complaint, dated Aug. 3, 2011, Dkt. # 1.) Within a week, Plaintiff served Defendants Soo Bok Choi, Young Il Choi, Young Jin Choi, and Young Mi Choi. On November 11, 2011, Soo Bok Choi filed an answer that asserted ten affirmative defenses, but no counterclaims. After Plaintiff amended her complaint in November 2011, the three Appearing Defendants, represented by the law firm of Pitta & Giblin LLP and by Steve Louros, each filed

2

answers to the First Amended Complaint on December 8, 2011.  Those answers asserted multiple affirmative defenses, but no counterclaims.  (Answer of Soo Bok Choi, dated Dec. 8, 2011, Dkt. # 24; Answer of Young Il Choi, dated Dec. 8, 2011, Dkt. # 25; Answer of Young Jin Choi, dated Dec. 8, 2011, Dkt. # 26.)  Though served, Young Mi Choi did not appear.

     As Plaintiff continued her efforts to locate and serve Kyung Bok Choi and Sung Bok Choi, Magistrate Judge Go permitted Plaintiff to seek service-related discovery from the Appearing Defendants.  After they failed to respond to these requests, Judge Go ordered complete responses from each Appearing Defendant by February 28.  (Minute Order, dated Feb. 21, 2012.)  At the same time, Plaintiff served merits-related discovery requests on the Appearing Defendants on February 21 with responses due on March 26, 2012.[1]  The Appearing Defendants refused to produce information in response to the service-related requests and ignored the merits-related requests altogether.

     On April 5, both deadlines having passed, Plaintiff requested that the Appearing Defendants be sanctioned for their failure to engage in discovery.  (Mot. for Sanctions, dated Apr. 5, 2011, Dkt. # 30.)  With that motion pending, both Pitta & Giblin LLP and Steve Louros moved to be relieved as counsel, arguing that the Appearing Defendants "refused to cooperate with counsel and have refused to pay fees owing."  (Decl. of Michael Dzialo in Support of Mot. to Withdraw, dated Apr. 30, 2012, Dkt. # 38.)  The court approved counsel's withdrawal on May 21, finding that the Appearing Defendants "stopped making payments, owe[d] a substantial amount for fees and services rendered and have failed to communicate or cooperate with counsel."  (Order, dated May 21, 2012, Dkt. # 41.)  In the same order, Judge Go warned the

---

[1] On March 14, 2012, Plaintiff timely responded to Defendants' interrogatories and document requests.

3

Appearing Defendants that "failure to appear at a conference or to comply with discovery requests could result in sanctions, including a fine.  Continued failure to comply could ultimately result in entry of default judgment against them."  (*Id.*)

During the pendency of the motion to withdraw, Plaintiff located and served Defendant Kyung Bok Choi in April.[2]  Yet, there was no communication from any Defendant or any counsel representing them until the June 26 status conference.  At that conference, Seung-Jin Yang of the Song Law Firm appeared on behalf of all Defendants except Sung Bok Choi, including Kyung Bok Choi and Young Mi Choi, both of whom had been served months earlier, but neither of whom had previously appeared or responded to Plaintiff's complaint.  At the conference, Mr. Yang informed Judge Go that he had been retained the day before and that he anticipated filing counterclaims.  Judge Go cautioned Mr. Yang to keep his Rule 11 obligations in mind when considering whether to file counterclaims and extended the time for Kyung Bok Choi and Young Mi Choi to respond through July 10.  (Minute Entry, dated June 26, 2012.)

On July 10, Kyung Bok Choi and Young Mi Choi filed their Answer, which denies nearly all of the allegations in the complaint, and purports to assert counterclaims on behalf of *all* Defendants, notwithstanding the fact that the Appearing Defendants each filed answers seven months ago, and never sought leave to amend them.  The Answer asserts counterclaims (1) for defamation on behalf of all Defendants, alleging that "Ms. Oh intentionally made false and defamatory statements of fact concerning [Defendants] in her Complaint"; (2) for malicious civil prosecution on behalf of all Defendants, alleging that "Ms. Oh maliciously filed a Complaint against [Defendants] before this Court by making false allegations . . . without reasonable

---

[2] Plaintiff's attempts to serve Sung Bok Choi and the personal representative of Ki Soon Lee have been unsuccessful to date.

4

grounds"; and (3) for "unpaid loan and unjust enrichment" on behalf of Appearing Defendant Soo Bok Choi.  Each of these counterclaims fails as a matter of law.

## ARGUMENT

**I.     All Counterclaims Purportedly Asserted by
        the Appearing Defendants Should Be Stricken**

Though the Answer was filed on behalf of Defendants Kyung Bok Choi and Young Mi Choi, it purports to assert counterclaims on behalf of the Appearing Defendants, who each answered in December.  These counterclaims are procedurally improper and should be dismissed or stricken.

Rule 15(a) permits a party to amend its pleading once as a matter of course 21 days after serving it, with the opposing party's consent, or with leave of the court.  Fed. R. Civ. P. 15(a).  Here, the Appearing Defendants filed their answers seven months ago, and have neither sought Plaintiff's consent nor leave of Court to amend their answers.  As a result, to the extent that the Answer of their co-Defendants asserts counterclaims on their behalf, it should be stricken as a nullity for failure to comply with Rule 15(a).[3]  *See, e.g.*, *Gray v. City of N.Y.*, No. 10-CV-3039, 2011 U.S. Dist. LEXIS 55161, at *3 (E.D.N.Y. May 23, 2011) (striking pleading where party "neither obtained the written consent of the opposing parties nor obtained leave of th[e] Court");

---

[3] Even if the Appearing Defendants had sought leave of the court to amend their answers, leave should not be given.  As discussed above, their claims for defamation and malicious prosecution fail to state a claim, and Soo Bok Choi's claim for "unpaid loan" conflicts with undisputed documents included in Plaintiff's production.  Regardless, Defendants' continued refusals to engage in this Action have delayed it for more than eight months.  They should not – by belatedly asserting frivolous and unsupported counterclaims – be permitted to delay it even longer. *See Valley Disposal Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 113 F.3d 357, 364-65 (2d Cir. 1997) (holding that Rule 13 does not mean that a defendant "who chooses not to assert [a counterclaim] in his answer is permitted to assert it at his whim later in the litigation").  Not one of the allegations in the Answer post-dates these Defendants' December 2011 answers.  They have given no excuse, nor could they, for why they have delayed adding these claims for seven months.

5

*Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490, 2001 WL 21253, at *5 (S.D.N.Y. Jan. 9, 2001) ("Courts . . . routinely reject pleadings filed without leave of court."); *In re Crazy Eddie Sec. Litig.*, 792 F. Supp. 197, 204 (E.D.N.Y. 1992) ("Nor did plaintiff have leave to amend the Second Complaint. The court therefore treats the Third Complaint as without legal effect.").

The counterclaims for defamation and malicious prosecution should be dismissed as to the Appearing Defendants, and the third counterclaim – which was brought only by Soo Bok Choi – should be dismissed entirely.

## II. Defendants Have Failed to State a Claim for Defamation

Defendants' counterclaim for defamation fails because statements made in a complaint are absolutely privileged. Defendants assert that Plaintiff "intentionally made false and defamatory statements of fact concerning [Defendants] *in her Complaint*." (Answer ¶ 157 (emphasis added).) But it is well-settled that "any alleged defamatory statements made by the plaintiff in her complaint are absolutely privileged from a claim of defamation." *Evans v. Waldo*, No. 04-CV-566, 2006 WL 2689819, at *3 (E.D.N.Y. Sept. 18, 2006); *Rosenberg v. Metlife, Inc.*, 8 N.Y.3d 359, 365 (2007) ("[S]tatements made during the course of a judicial or quasi-judicial proceeding are clearly protected by an absolute privilege."). Indeed, the litigation privilege from defamation is "the broadest of possible privileges and any matter which, by any possibility, under any circumstances, at any stage of the proceeding, may be or may become material or pertinent is protected by an absolute privilege." *Kelly v. Albarino*, 485 F.3d 664, 666 (2d Cir. 2007); *see also Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-CV-1260, 2009 WL 4547792, at *9 (E.D.N.Y. Dec. 1, 2009) ("Under New York law, in the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." (quotation omitted)).

This is so for good reason, as "the possible harm to individuals barred from recovering for defamatory statements made in connection with judicial proceedings is deemed to be far outweighed by the need . . . to encourage parties to litigation . . . to speak freely in the course of judicial proceedings." *Sexter & Warmflash, P.C. v. Margrabe*, 38 A.D.3d 163, 171-72 (1st Dep't 2007) (quotation omitted). Consequently, any purportedly "false and defamatory statements of fact" in Plaintiff's complaint are privileged from a claim of defamation.[4] *See, e.g.*, *Gristede's Foods*, 2009 WL 4547792, at *10; *First Indemnity of America Ins. Co. v. Shinas*, No. 03 Civ. 6634, 2009 WL 3154282, at *11 (S.D.N.Y. Sept. 30, 2009) (dismissing defamation counterclaim where allegedly defamatory statements were made in the second amended complaint).

Moreover, the defamation counterclaim should be dismissed for a second, independent reason – Defendants have failed to identify an allegedly defamatory statement. They allege only that some such statements were included in Plaintiff's complaint. But this is plainly insufficient under Rule 8, which requires, at a minimum, that the complaint "reference[] the alleged defamatory statement." *Weitz v. Wagner*, No. 07-cv-1106, 2008 WL 5605669, at *7 (E.D.N.Y. July 24, 2008) (quotation omitted). Accordingly, the defamation counterclaim should be dismissed for failure to plead sufficient facts to state a claim.

---

[4] To the extent that Defendants allege statements made in Plaintiff's complaint were then reported by newspapers and internet media, those statements remain protected by the litigation privilege or by Section 74 of the New York Civil Rights Law. *See DiAnnunzio v. Ayken Inc.*, No. 11-cv-3303, 2012 WL 2906248, at *12 (E.D.N.Y. July 17, 2012) (holding that Section 74 protects the distribution of statements made in a complaint to the media); *Gristede's Foods*, 2009 WL 4547792, at *19; *Cipolla v. County of Rensselaer*, 129 F. Supp. 2d 436, 458 (N.D.N.Y. 2001) (finding defendants were not liable for newspaper's republication of allegedly defamatory statements made at trial because they were protected by the litigation privilege).

### III. Defendants Have Failed to State a Claim for Malicious Prosecution

Likewise, Defendants' counterclaim for malicious prosecution suffers from two fatal flaws.

First, Defendants cannot assert a claim for malicious prosecution unless and until they prevail in *this* action, since a cause of action for malicious prosecution requires "the initiation of an action by the defendant against the plaintiff . . . that ends in failure or, in other words, terminates in favor of the plaintiff." *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d. Cir. 1996). As courts have uniformly held, this requirement necessarily precludes a defendant from doing what Defendants have done here – assert a claim for malicious prosecution as a counterclaim in the underlying action. *See, e.g.*, *Brown v. Brown*, 343 F. Supp. 2d 195, 198 (E.D.N.Y. 2004) ("A claim of malicious prosecution cannot be based on a pending proceeding."); *Debruyn Produce Co. v. Sobiech*, No. 91 Civ. 7995, 1992 WL 168098, at *10 (S.D.N.Y. June 30, 1992) ("The termination requirement operates to preclude a defendant from filing a counterclaim for malicious prosecution." (quotation omitted)).

Second, Defendants have failed to allege the interference with person or property that is required for a claim of malicious *civil* prosecution. A malicious prosecution claim may be based on a civil action only if "there is a showing of some interference with plaintiff's person or property by the use of such provisional remedies as arrest, attachment, replevin or injunction." *O'Brien*, 101 F.3d at 1484 (citations omitted). Defendants' counterclaim fails because there has been no such interference here – and Defendants have made no attempt to plead otherwise.

### IV. Defendants' Unfounded Allegations Concerning Plaintiff Should Be Stricken

Defendants' irrelevant and unsupported accusation that Plaintiff "told them that . . . she had previous experience working in adult entertainment establishments and/or red-light districts

8

in Korea" (Counterclaim ¶ 23) should be stricken under Rule 12(f) as both scandalous and irrelevant.

Rule 12(f) provides that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under this standard, allegations should be stricken when "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." *See Lynch v. Southampton Animal Shelter Found.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011) (quotation omitted). Defendants' scurrilous allegation meets all three requirements. First, as prejudicial hearsay, no evidence supporting this allegation would be admissible under Federal Rule of Evidence 403. Second, even if true, the allegations have nothing to do with Defendants' counterclaims (or Plaintiff's claims for that matter). Defendants make no attempt to link this allegation in any way to their counterclaims, nor could they. Those counterclaims – which arise from a purported loan from Soo Bok Choi in 2007 and the filing of this lawsuit in 2011 – bear no relation to anything that Plaintiff did in South Korea before 1998. Even assuming, *arguendo*, that the last sentence of paragraph 23 is true, it brings Defendants no closer to prevailing on their counterclaims than if it were omitted from their pleading entirely. Finally, the allegation is nothing more than an offensive and insulting attempt to malign Plaintiff because she sought to vindicate her rights in court, and should be stricken accordingly. *See Global View Ltd. Venture Capital v. Great Cent. Basin Exploration, LLC*, 288 F. Supp. 2d 473, 481 (S.D.N.Y. 2003) (striking allegation that defendants were "unscrupulous, unprincipled con artists" as "nothing more than name calling [that] does not contribute to [plaintiff's] substantive claims"); *Parrish v. Sollecito*, No. 01 Civ. 5420, 2002 WL

9

1072227, at *2 (S.D.N.Y. May 24, 2002) (striking as "scandalous, as well as impertinent and of extremely unlikely relevance," an allegation that the defendant engaged in an extramarital affair).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss Defendants' counterclaims and strike the final sentence of paragraph 23 of the Answer.

Dated: July 20, 2012

                                                                                                        */s/ Alicia Llosa Chang*

                                                                                                         Alicia Llosa Chang
Michael Scheinkman
Matthew R. Maddox
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
(212) 450-4000
alicia.chang@davispolk.com
michael.scheinkman@davispolk.com
matthew.maddox@davispolk.com

Ivy Suriyopas
ASIAN AMERICAN LEGAL DEFENSE AND
EDUCATION FUND
99 Hudson Street, 12th Floor
New York, New York  10013
(212) 966-5932
isuriyopas@aaldef.org

*Attorneys for Plaintiff Oak-Jin Oh*