```
                    United States District Court
                    Eastern District of New York
```

## MINUTE ORDER
## 11cv3764 (DLI)(MDG) OH v. CHOI

This Order sets forth rulings made on the record at a conference on September 11, 2012 granting defendant Soo Bok Choi's motion for leave to file a counterclaim (ct. doc. 49).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be "freely give[n] . . . when justice so requires." See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971); Andersen News LLC v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012). "The liberal right to amend extends to an answer to the complaint." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). Thus, courts should ordinarily grant leave to amend in the absence of bad faith by the moving party, undue prejudice or futility. Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000); Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The decision to grant or deny a request to amend is within the discretion of the district court. Foman, 371 U.S. at 182; John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

Under Rule 15, delay alone does not justify denial of leave to amend. See Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008); Rachman Bag Co. v. Liberty Mutual Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995); Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987). "The concepts of delay and undue prejudice are interrelated -- the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." Davidowitz v. Patridge, 2010 U.S. Dist. LEXIS 42322, at *5 (S.D.N.Y. 2010). In evaluating whether prejudice would result from amendment, a court considers whether the proposed amendment would: "(1) require the opponent to expend

significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." Monahan v. N.Y. City Dept. of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (citing Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)).

     Plaintiff argues that where a motion to amend has been filed after the deadline set by a scheduling order, Rule 16(b)'s "good cause" standard governs. "A finding of good cause depends on the diligence of the moving party." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009). However, the Second Circuit in Parker v. Columbia Pictures, 204 F.3d 326 (2d Cir. 2000) (cited by plaintiff), held only that absent a showing of good cause, it is within the court's discretion to deny a motion to amend if it is untimely, not that the court is required to do so. See Worldwide Home Prods., Inc. v. Time, Inc., 2012 WL 1428528, at *3 (S.D.N.Y. 2012); Nycomed U.S. Inc. v. Glenmark Generics Ltd., 2010 WL 1257803, at *9-*10 (E.D.N.Y. 2010); Castro v. City of N.Y., 2010 WL 889865, at *1-*2 (E.D.N.Y. 2010). Rather, where a motion to amend is untimely, the more lenient standard under Rule 15(a) must be balanced against Rule 16(b)'s good cause requirement. See Holmes, 568 F.3d at 334-35; Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003).

     Defendant has not offered an explanation for failing to seek leave sooner given that the facts giving rise to the proposed counterclaim were known to him when he filed his original answer. The Court set April 12, 2012 as the deadline for amendment of the pleadings. See minute entry dated 11/28/11. At a conference held on April 25, 2012, the then-counsel for defendants sought a schedule to move for leave to withdraw. In his motion to withdraw, counsel stated that he had not been able to communicate with his clients since February 2012. Leave to

withdraw was granted on May 21, 2012 and discovery was stayed until June 26, 2012 to permit defendants to retain new counsel. Defendant first attempted to interpose the counterclaim, which was subsequently withdrawn, less than three weeks after new counsel appeared. See ct. docs. 42, 45. Thus, defendant's delay may be partially attributable to his failure to communicate with counsel and the subsequent change in counsel. This Court does not view the events leading to a change in counsel as a satisfactory reason for defendant not to have made a timely motion. However, excluding the time that the Court stayed this action arising from withdrawal of counsel, defendant's actual delay in seeking leave to amend was less than three months after the deadline set and relatively short. However, defendants are warned that no further delay will be tolerated and no extension will be given on account of a change in counsel.

Although defendant has not made a showing of diligence to satisfy the good cause standard, plaintiff will not be prejudiced by the delay. Discovery has not concluded and the proposed counterclaim relating to an alleged unpaid loan to plaintiff will not require significant additional discovery.

Plaintiff also argues that leave to amend should be denied as futile under Rule 15. Construing the proposed counterclaim as one for breach of contract, plaintiff argues that defendant's allegations fail to state a claim. However, defendant's proposed counterclaim is labeled "Unpaid Loan and Unjust Enrichment." Under New York law, a claim for unjust enrichment requires proof that: "(1) the defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Briarpatch Ltd., L.P v. Phoenix Pictures Inc., 373 F.3d 296, 306 (2d Cir. 2004). Defendant's amendment to add a counterclaim based on allegations of an unpaid loan to plaintiff

and the circumstances surrounding their relationship is not futile.

Upon balancing the factors under Rules 15(a) and 16(b), I find that the short delay and lack of prejudice to plaintiff justify granting leave to amend.

**SO ORDERED.**

Dated:    Brooklyn, New York
          September 12, 2012

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE