New York
Menlo Park
Washington DC
São Paulo
London

Paris
Madrid
Tokyo
Beijing
Hong Kong

# Davis Polk

**Alicia Llosa Chang**

Davis Polk & Wardwell LLP   212 450 4792 tel
450 Lexington Avenue        212 701 5792 fax
New York, NY 10017          alicia.chang@davispolk.com

April 5, 2013

Re:   Oak-Jin Oh v. Soo Bok Choi, et al., No. 11 CV 3764 (DLI) (MDG)

By Electronic Filing
Honorable Marilyn D. Go
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Judge Go:

We are counsel to Plaintiff in the above-referenced matter and write pursuant to the Court's Minute Order dated March 8, 2013 and in response to the document submitted to the Court on March 15, 2013 by Defendant Soo Bok Choi ("Defendants' Submission").[1]  As set forth below, Defendants' Submission does not foreclose the need for sanctions in this matter, including sanctions stemming from the costly third-party discovery that Plaintiff was forced to undertake as a direct result of Young Il Choi's and Young Jin Choi's intentional misrepresentations in sworn discovery responses regarding the whereabouts of their uncle, Kyung Bok Choi.

I.   **Defendants' Submission Does Not Cure or Undertake to Cure Any Discovery Deficiencies.**

As best we could comprehend Defendants' Submission, it contains more of the Defendants' same tired excuses for their noncompliance with discovery obligations: travels in Korea, busy work schedules, and trouble making time to communicate with their counsel.  Defendants cannot refute Plaintiff's February 27, 2013 status report, and Plaintiff requests that the Court award her the costs described therein.  (See infra Part III.)

---

[1] Pursuant to Your Honor's Individual Motion Practice 3(A) and Local Rule 37.3(c), the following documents are attached: Letter from A. Chang to A. Wolinsky dated Feb. 5, 2013 (Ex. A); Responses of Young Il Choi, Young Jin Choi, Kyung Bok Choi, and Young Mi Choi to Plaintiff's First Set of Interrogatories dated Feb. 7, 2013 (Ex. B); Affidavit of Service dated Dec. 5, 2012 (Ex. C); Responses of Soo Bok Choi and Young Il Choi to Plaintiff's Limited Interrogatories dated Dec. 13, 2011 (Ex. D); Responses of Soo Bok Choi and Young Il Choi to Plaintiff's Second Set of Limited Interrogatories dated Feb. 10, 2012 and Responses of Young Jin Choi to Plaintiff's Limited Interrogatories dated Feb. 10, 2012 (Ex. E); Affidavit of Young Il Choi dated July 7, 2012, and E-mail from S. Yang to A. Chang dated Jan. 24, 2013, and Excerpts from Young Il Choi and Kyung Bok Choi's phone bills (Ex. F); Affidavit of Young Jin Choi dated July 7, 2012 and Excerpts from Kyung Bok Choi's phone bills (Ex. G); Summary of Sim & Park Subpoena Expenses and Court Filing Fee Receipt (Ex. H); Kyung Bok Choi Deposition Invoices (Ex. I); Chong Cha Choi Service Invoices (Ex. J); Seong Ik Hwang Service and Deposition Invoices (Ex. K).

Defendants' Submission only serves to demonstrate why the sanctions requested by Plaintiff are necessary. Their conduct in this case is best described by their own counsel, who has represented that they "have not taken their discovery obligations seriously," "kept making unacceptable excuses why they cannot perform such obligations," and "changed their words many times," failing to "change[] their problematic conduct and attitude." (Yang Decl. dated Feb. 15, 2013, Dkt. # 64.)

First, Defendants' Submission suggests that they have diligently and completely responded to all document requests. As Plaintiff's February 27, 2013 submission makes clear, this simply is not true. What little discovery Plaintiff was able to obtain she received only after repeated letters to defense counsel, and, in many instances, after judicial intervention. Despite all of Plaintiff's efforts—including a motion for sanctions on January 23, 2013 for nonproduction of some of these documents—relevant documents and information remain unproduced. Defendants' Submission contained no undertaking by Defendants to produce the following:

- Documents related to Soo Bok Choi's association with (and supposed dismissal from) Temple Mitasa in Korea. (Motion for Sanctions, dated Jan. 23, 2013, Dkt. # 61.)

- Documents related to Temple Mitasa in Pennsylvania—documents the existence of which Defendant Soo Bok Choi misrepresented in a sworn statement. (Id.; Letter from A. Chang to Judge Go, dated Feb. 27, 2013, Dkt. #65.)

- Soo Bok Choi's "notes" about the lawsuit and the Plaintiff, another document he previously misrepresented did not exist. (Id.)

- Complete versions of redacted and excerpted documents previously produced (including passports, e-mail attachments, etc.), as well as a series of information requests. These were itemized in Plaintiff's letter to Defendants dated Feb. 5, 2013. (Ex. A.)

- An affidavit from Young Mi Choi regarding her alleged inability to produce a single document in this case and an explanation of the steps she took to locate responsive documents.

Second, Defendants' Submission ignores Defendants' failures to respond to Plaintiff's interrogatories. As agreed with defense counsel in advance, in order to streamline Defendants' depositions, Plaintiff served merits interrogatories calling on Defendants to provide basic background information (such as prior addresses, living arrangements, and employment information) and to identify people who appeared in Defendant Soo Bok Choi's counterclaim and in certain documents. Despite this Court's order requiring responses to be provided by February 4, 2013, four of the Defendants provided little, if any, responsive information. To date, Defendant Soo Bok Choi has still not provided any answers at all. These deficient responses are attached hereto as Exhibit B.[2]

Third, Defendants' Submission provided no reason why Defendant Kyung Bok Choi and Defendant Young Mi Choi have <u>twice</u> failed to appear for depositions as scheduled. Defendants'

---

[2] For example, the Defendants who did provide responses claimed they could not recall their prior addresses, family members with whom they lived, or communications with family members. Young Il Choi, among other things, claimed to be unable to identify phone numbers with which he had multiple telephone calls or e-mail addresses with which he corresponded. And, despite frequently citing work obligations as a reason why she could not be deposed on a weekday, Young Jin Choi failed to disclose her current employer.

Submission posits only that their dry cleaning business is bankrupt,[3] but this does not explain why the depositions could not go forward as scheduled or be canceled on a least 24 hours' notice. This kind of behavior has already resulted in sanctions against Kyung Bok Choi and Young Mi Choi. These defendants have not paid the sanctions levied against them, as Defendant Soo Bok Choi has apparently agreed to pay the sanctions on their behalf. Despite <u>four</u> Court-ordered deadlines, $560 remains unpaid.[4] Defendants' Submission lack any indication—let alone assurances—by any Defendants that they will complete or appear for their depositions.

Fourth, with respect to third-party witnesses Chong Cha Choi and Seong Ik Hwang, the Defendants' Submission merely asserts that the Defendants provided the Plaintiff with accurate contact information. As set forth in the February 27 status report, Plaintiff was unable to serve either witness with a Rule 45 subpoena on the basis of information the Defendants provided. Per an agreement with defense counsel, Defendants are now precluded from calling Seong Ik Hwang as a witness. Plaintiff also requests that Chong Cha Choi be excluded as a witness, as it is particularly egregious that Defendant Soo Bok Choi was unable to provide accurate contact information for his wife. An affidavit from the process server explaining that the address Defendants provided does not exist is attached as Exhibit C.

Finally, Defendants' Submission improperly attacks the merits of Plaintiff's claims. Not surprisingly, Defendants fail to cite any record evidence that supports their arguments. This is for good reason: there is no evidence to support them. The Court should completely disregard this portion of Defendants' Submission.

II.     **Plaintiff Is Entitled to Recover Costs and Fees Associated with the Third-Party Discovery of Sim & Park LLP, which Flow Directly from Defendants' Fraudulent Misrepresentations in Discovery.**

As mentioned during the parties' March 5 conference, Plaintiff supplements her request for sanctions with a request for fees and costs incurred in pursuing service-related discovery from third-party Sim & Park LLP. Subsequently produced documents show that this discovery would not have been necessary but for Young Il Choi's and Young Jin Choi's fraudulent misrepresentations in verified interrogatory responses.

On November 9, 2011, Plaintiff served Soo Bok Choi and Young Il Choi with narrow interrogatories requesting contact information to enable Plaintiff to locate and serve Defendant Kyung Bok Choi. In their December 13, 2011 response, Soo Bok Choi and Young Il Choi listed Kyung Bok Choi as "Unknown," refusing to provide any relevant information regarding his whereabouts, and claiming not to have any contact information for their brother and uncle, respectively. (Ex. D.) Plaintiff immediately followed up with defense counsel regarding the insufficiency of this information and was informed, on December 20, 2011, that upon "information

---

[3] A review of public records does not reveal any bankruptcy filing by Kyung Bok Choi's business, Shirts-One Cleaners, Inc.

[4] *See* Scheduling Order, dated Jan. 4, 2013 ("[D]efendants must pay the balance of the sanctions imposed by 2/1/13, but defendants must use best efforts to pay the sanction in advance of the deadline."); Minute Order, dated Dec. 20, 2012 ("Defendants must make another payment of at least $500 to plaintiff's counsel by 2/1/13 in partial payment of the sanction."); Minute Order, dated Dec. 13, 2012 ("[D]efendants pay to plaintiff's counsel at least $780 of the sanctions previously ordered."); Minute Order, dated Nov. 21, 2012, Dkt. # 57 ("Sanctions in the amount of $520 each are imposed on defendants Young Mi Choi, Young Jin Choi and Kyung Bok Choi and must be paid to plaintiffs counsel by 12/7/12.").

and belief" Kyung Bok Choi and Young Mi Choi were in Korea. Within two days, Plaintiff served Soo Bok Choi, Young Il Choi, and Young Jin Choi with additional interrogatories and document requests designed to elicit additional information about Kyung Bok Choi and Young Mi Choi's whereabouts. On February 10, 2012, Young Jin Choi stated under oath that Kyung Bok Choi and Young Mi Choi's whereabouts were "unknown," and Soo Bok Choi and Young Il Choi continued to deny further information. (Ex. E.) Plaintiff was forced to seek recourse from the Court, and on February 21, 2012, the Court entered its first discovery order of many, compelling Defendants to produce certain telephone records and provide affidavits. (Minute Order, dated Feb. 21, 2012).

With Defendants unwilling to provide relevant information, on December 22, 2011, Plaintiff served a third-party subpoena on Sim & Park LLP, a law firm that, based on a public records search, had represented Kyung Bok Choi and Sung Bok Choi[5] in unrelated civil litigation. After Sim & Park LLP refused to produce contact information for the missing Defendants (citing the attorney-client privilege), Plaintiff was forced to commence a miscellaneous action in the United States District Court for the Southern District of New York in order to file a motion to compel the production of the requested contact information. On April 10, 2012, Judge Wood granted Plaintiff's motion in its entirety, holding that mere contact information is not privileged, and ordering Sim & Park LLP to produce all requested information. See Oh v. Sim & Park, LLP, 12 MC 66, 2012 U.S. Dist. LEXIS 50458 (S.D.N.Y. Apr. 10, 2012). Months after first requesting this information from Defendants, Plaintiff received contact information from Sim & Park LLP, and successfully served Kyung Bok Choi on April 24, 2012.

Subsequent discovery in this action has revealed that none of these measures should have been necessary. Despite repeatedly denying having any contact information for their uncle and representing under oath that their last contact with him was "so long ago that neither Defendant can remember date, location or manner," recently produced phone records show that both Young Il Choi and Young Jin Choi were in contact with Kyung Bok Choi days before they represented, under oath, that they had no contact information for him. For example, there were at least twenty calls between Young Il Choi and Kyung Bok Choi in the month before Young Il Choi's December 15, 2011 response. One of these calls lasted over twenty minutes.[6] (Ex. F.) Phone records also indicate that there were three calls between Young Jin Choi and Kyung Bok Choi around this time, including a call about two weeks before her February 10, 2012 response.[7] (Ex. G.)

Accordingly, because Young Il Choi's and Young Jin Choi's blatantly false sworn representations necessitated unnecessary third-party discovery, Plaintiff seeks as sanctions the costs and fees associated with her efforts to obtain discovery from Sim & Park LLP. Plaintiff's counsel, Davis Polk & Wardwell LLP ("Davis Polk"), expended 113.4 hours pursuing this discovery as a direct result of these misrepresentations. As detailed in Exhibit H, Plaintiff seeks $24,099.00 in attorneys' fees and $46 in costs. These fees ($375 per hour for senior associates, $185 per hour for junior associates, and $74 per hour for support staff) reflect a significant reduction from the

---

[5] Although he is a named defendant, information about Sung Bok Choi was never provided by Defendants. He was never located and never served in this action.

[6] As shown in Exhibit F, Young Il Choi confirmed that his phone number is 347-393-8491 and Kyung Bok Choi confirmed through counsel that his phone number is 347-924-5252. Young Il Choi's November 2011 phone records show 9 calls with Kyung Bok Choi's number, and Kyung Bok Choi's November 2011 phone records show 18 calls with Young Il Choi's number, which are highlighted in Exhibit F.

[7] As shown in Exhibit G, Young Jin Choi confirmed that her phone number is 917-757-3014. Kyung Bok Choi's December 2011 and January 2012 phone records show three calls to that number, which are highlighted in Exhibit G.

Honorable Marilyn D. Go                             5                              April 5, 2013

hourly rates typically charged by Davis Polk, and are consistent with rates recently applied by other courts in the Southern and Eastern Districts. See, e.g., Konits v. Karahalis, 409 Fed App'x 418, 422 (2d Cir. 2011) (finding ample support for district court's conclusion that experienced attorneys in the Eastern District have been awarded fees ranging from approximately $300-400 per hour); LV v. New York City Dep't of Educ., 700 F. Supp. 2d 510, 519 (S.D.N.Y. 2010) (awarding $375 per hour for senior associate time in civil rights class action).

### III. Requests for Relief

#### A. Order Compelling Production of Documents and Information

Plaintiff requests an order against the Defendants as follows:

- Compelling Defendants to produce the documents described in this letter and in the February 27, 2013 letter.

- Compelling Defendant Young Mi Choi to produce an affidavit as described above.

- Compelling Defendant Soo Bok Choi to provide verified interrogatory responses.

- Compelling Defendants Young Il Choi, Young Jin Choi, Kyung Bok Choi, and Young Mi Choi to supplement their interrogatory responses.

- Compelling Defendants to produce further information about the mitasa51@hotmail.com account, based on defense counsel's representation on October 8, 2012 that they would attempt to reactivate the account.

#### B. Discovery Costs

Plaintiff requests that this Court impose sanctions on Defendants to reimburse her for the costs described in her February 27, 2013 status report, as follows:

- Against Kyung Bok Choi in the amount of $1070.00, consisting of $520 in costs (Ex. I) and $750 of attorney time (one hour each for Ivy Suriyopas[8] and Alicia Llosa Chang).

- Against all Defendants[9] in the amount of $535.00, representing costs incurred in the failed service of process on Chong Cha Choi. (Ex. J.)

- Against all Defendants[10] in the amount of $1194.50, representing costs incurred with service on Seong Ik Hwang and costs incurred with his failure to show for the subpoenaed deposition. (Ex. K.)

- Against Young Jin Choi, Kyung Bok Choi, and Young Mi Choi, compelling payment of the remaining $560.00 in sanctions previously awarded.

---

[8] Ms. Suriyopas was admitted to the New York Bar in 2006.

[9] Plaintiff does not know which Defendant is responsible for this misinformation.

[10] Plaintiff does not know which Defendant is responsible for this misinformation.

### C.    Fees and Costs Associated with Sim & Park Discovery

Plaintiff requests that this Court impose sanctions on Young Il Choi and Young Jin Choi in the amount of $24,145.00, constituting the costs and fees set forth in Exhibit H associated with the service of third party discovery necessitated by these Defendants' fraudulent verified interrogatory responses concerning the location of their uncle, Defendant Kyung Bok Choi.

### D.    Exclusion of Witnesses

For Defendants' conduct and persistent withholding of relevant information, Plaintiff requests that this Court order that the following witnesses may not be called as trial witnesses by Defendants:

- Chong Cha Choi

- Seong Ik Hwang

- Chong Cha Choi's "followers" as described in paragraphs 24 and 39 of Defendant Soo Bok Choi's counterclaim, as these followers have not been identified by the Defendants in response to Plaintiff's interrogatory requests.

- Myung Bok Choi, originally listed in Defendants Rule 26(a) disclosures as a witness, though Defendants state in interrogatory responses that he has no discoverable information about the matter.

\*     \*     \*

Plaintiff filed this action seeking long-delayed compensation from Defendants who trafficked her into the United States, employed her as a domestic worker, and refused to pay her wages for twelve years. In the eighteen months since the filing of this action, Defendants have caused even further delays. Defendants have refused to comply with three different discovery schedules, and nearly a year after discovery was supposed to be complete, not a single party deposition has been scheduled, let alone completed, save for the partial deposition of Soo Bok Choi in December. These failures are far from inadvertent and the record reflects intentional concealment of relevant information and documents by the Defendants. For the foregoing reasons and the reasons discussed in Plaintiff's January 23 motion and February 27 status report, Plaintiff hereby requests that the Court grant her motion for sanctions.

Respectfully yours,

*Alicia Llosa Chang*
Alicia Llosa Chang

cc via ECF:   Allen Wolinsky, Esq. and Seungjin Yang, Esq., *Counsel for Defendants*
              Ivy O. Suriyopas, Esq., *Counsel for Plaintiff*
              Michael Scheinkman, Esq., *Counsel for Plaintiff*