UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

OAK-JIN OH,

               Plaintiff,

    - against -                       ORDER

SOO BOK CHOI, et al.,              CV 2011 3764(DLI)(MDG)

               Defendants.

- - - - - - - - - - - - - - - - - -X

    Defendants Young Jin Choi and Young Il Choi have applied for assignment of counsel pursuant to 28 U.S.C. § 1915(e)(1) in this action. See ct. docs. 93, 96.

    The Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986) and Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989), discussed the factors to be considered in determining whether counsel should be assigned to an indigent litigant. The court must first determine whether the litigant's case is "likely to be of substance." Cooper, 877 F.2d at 172. If the litigant meets this threshold requirement, the court should consider other pertinent factors, including: (1) the litigant's ability to obtain representation independently, (2) his ability to handle the case without assistance, (3) the complexity of legal issues involved, and (4) the need for expertly conducted cross-examination. Id.; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997). The Second Circuit has further cautioned that applications for appointment of counsel should not be indiscriminately granted, recognizing that

> [v]olunteer lawyer time is a precious commodity. Courts are given a major role in its distribution. Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an

>      undeserving client deprives society of a volunteer
>      lawyer available for a deserving cause.  We cannot
>      afford that waste.

Cooper, 877 F.2d at 172.

On the present record before the Court, this Court finds that the defendants have not demonstrated that they satisfy the requirements for appointment of counsel.  The defendants have not shown with any level of specificity that their defenses are likely to be of substance.  Moreover, their past failures to comply with discovery and cooperate with their counsel weigh against appointment of counsel.  Given the limited resources available for pro bono counsel, this is not a case where appointment of counsel would be appropriate.

Even where a party's position is likely to be of substance, many courts have denied appointment of counsel where the issues involved were not complex and the party demonstrated that he was capable of presenting the case.  See, e.g., Hall v. Pease, 229 F.3d 1135 (2d Cir. 2000); Samet v. Dodrill, No. 05 Civ 8795, 2006 WL 278185 (S.D.N.Y. 2006).  Based on my observations in the course of settlement discussions, defendants are as capable of representing themselves as other pro se litigants in this Court.  Therefore, defendants Young Jin Choi's and Young Il Choi's  motions for assignment of counsel are DENIED, without prejudice.

**SO ORDERED.**

Dated: Brooklyn, New York
       January 29, 2014

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE