UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

OAK-JIN OH,

                    Plaintiff,

        - against -

SOO BOK CHOI, et al.,

                    Defendants.

REPORT AND RECOMMENDATION

CV 2011-3764 (DLI)(MDG)

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Plaintiff Oak-Jin Oh brings this action under, inter alia, the Trafficking Victims Protection Act, Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and New York Labor Law. Plaintiff alleges that defendants hired her as a domestic worker, trafficked her into the United States from South Korea, and failed to pay her wages for twelve years.

    On March 11, 2014, plaintiff filed the instant motion for sanctions and entry of default judgment against defendant Kyung Bok Choi. See ct. doc. 104. For the following reasons, I respectfully recommend that the Court grant the motion, strike the answer of defendant Kyung Bok Choi and enter default against him.

PERTINENT FACTS

    Plaintiff commenced this action on August 3, 2011, but was unable to serve defendant Kyung Bok Choi until April 24, 2012

because plaintiff had been unable to locate him.  See ct. docs. 1, 20, 36.  On July 10, 2012, attorney Seung-Jin Yang of the Song Law Firm, who was then representing the other defendants, filed a timely answer on behalf of Kyung Bok Choi.  See ct. doc. 42.

On October 3, 2012, plaintiff served a deposition notice on defendant Kyung Bok Choi.  See Declaration of Michael Scheinkman in Support of Plaintiff's Motion for Sanctions ("Scheinkman Decl.") (ct. doc. 106) at ¶ 3, Ex. A.  Although counsel for the parties had agreed to a deposition date, defendant Kyung Bok Choi cancelled the deposition three days before it was scheduled to be held.  See id. at ¶¶ 4, 5, Ex. A.  By letter motion filed on November 15, 2012 (ct. doc. 54), plaintiff moved for sanctions and attorneys' fees due to the failure of Kyung Bok Choi to appear for his deposition.  Id. at 2, 3.  In the motion, plaintiff also sought sanctions against the other defendants who had answered earlier in the action (Soo Bok Choi, Young Il Choi and Young Jin Choi) and had been the subject of earlier motions to compel.  Id.  Counsel for defendants, Allen Wolinsky of the Song Law firm, filed no substantive response to the motion, but instead, advised that the Song Law firm would be seeking leave to withdraw due to "irreconcilable differences."  Ct. doc. 55.  The motion was heard at a conference on November 20, 2012, that had originally been set to be an end of discovery conference.  Although the Song Law firm had filed a motion to withdraw on the morning of the conference, this Court proceeded to address the

motion in light of the fact that prior discovery obligations are not suspended simply because of a potential dispute between counsel and client.  In an order filed on November 21, 2012 setting forth rulings made at the conference, the Court imposed sanctions on defendant Kyung Bok Choi, as well as each of the other appearing defendants, for the cost of a court reporter and an interpreter in the amount of $520 to be paid by December 7, 2012.  This Court also warned that further sanctions could be imposed, including entry of default judgment, for failure to pay the sanctions ordered.  See ct. doc. 57.

By separate order dated November 21, 2012, the Court directed defendants to appear in-person for a hearing on defense counsel's motion to withdraw.  See minute entry dated 11/21/12.  Defendant Kyung Bok Choi failed to appear at the hearing held on December 13, 2012.  See minute entry dated 12/13/12.  At the motion hearing, plaintiff's counsel advised that defendants had not paid the sanctions imposed.  The Court directed that defendants pay by December 20 at least $780, in the aggregate, of the sanctions previously imposed on defendants.  See id.

At a further conference held on December 20, 2012, the Court directed defendants to make another payment of at least $500 by February 1, 2013.  See minute entry dated 12/20/13.  In a motion filed on December 27, 2012 on behalf of the Song Law Firm, Mr. Wolinsky sought to withdraw the firm's motion to withdraw as counsel.  Ct. doc. 59.  This Court granted the motion but the

Court warned defendants in an electronically filed order on December 28, 2012, that they must continue to meet their discovery obligations and comply with all court orders. See electronic order dated 12/28/12.

Plaintiff filed a further motion for sanctions on January 23, 2013 as a result of defendants' failure to produce discovery. Ct. doc. 61. Although much of this motion, as with a number of the many previous motions of plaintiff to compel, concerned the deficiencies of responses provided by defendant Soo Bok Choi, plaintiff stated that defendant Kyung Bok Choi had failed to produce any documents in response to discovery requests which should have been answered on November 19, 2012. Id. and n. 2. At a conference held on January 31, 2013, this Court denied plaintiff's motion without prejudice to give the parties "a further opportunity to resolve their disputes." Minute entry dated 1/31/13. This Court again warned defendants that they must respond to outstanding discovery requests. See id.

Kyung Bok Choi again failed to appear for his deposition on February 11, 2013. See Scheinkman Decl. ¶¶ 7, 8, Ex. D. Although the second deposition date was scheduled for Kyung Bok Choi's convenience and plaintiff had confirmed with defendants' counsel before the deposition, defendant Kyung Bok Choi telephoned his counsel to cancel the deposition on the scheduled deposition date, after plaintiff's counsel, defendants' counsel,

a court reporter and an interpreter all had already assembled. See id.

In a motion for an extension of discovery (ct. 63) filed on February 14, 2013, plaintiff's counsel advised that not only had the depositions of Kyung Bok Choi and other defendants not taken place, but also that the Song Law Firm had stated in an email that the firm planned to withdraw and would not attend any future depositions scheduled. Id. Plaintiff's counsel expressed reluctance to conduct depositions of represented parties in the absence of counsel and also sought sanctions for the continued failure of the defendants to provide timely discovery. Id. at 1. The Song Law Firm followed with a second motion for leave to withdraw as counsel. Ct. doc. 64.

At a conference on March 5, 2013, this Court reserved decision on the motion to withdraw and directed each defendant to respond to plaintiff's motion for sanctions by March 15, 2013. See minute entry dated 3/5/13. Kyung Bok Choi, as well as other defendants, apparently provided some discovery responses that plaintiff found insufficient, which led to a further motion to compel. Ct. doc. 66. This motion was deferred, to give the parties an opportunity to attempt to settle and to await disposition of the motion of the Song Law Firm to withdraw which was adjourned to June 28, 2013.

At the hearing held on June 28, 2013, the Court explored settlement and scheduled a further conference for August 30,

2013, directed that all defendants appear and warned that their failure to appear at conferences may result in sanctions being imposed.  See minute entry dated 6/28/13.  This Court also warned that the continued failure to participate in this action may result in the entry of default judgment.  Id.  Defendant Soo Bok Choi, the only defendant to appear for that hearing, advised that none of the defendants objected to withdrawal of counsel.  Id. On July 1, 2013, the Court granted defense counsel's motion to withdraw.  Ct. doc. 78.  The Court  warned defendants that if they do not retain new counsel, they are required to appear at all scheduled conferences and that failure to appear at conferences or to comply with discovery requests could result in sanctions and, ultimately, result in entry of default judgment. See id.  Nevertheless, defendant Kyung Bok Choi failed to appear at the next conference held on August 30, 2013.  See minute entry dated 8/30/13.

In the July 1, 2013 order, this Court also advised the defendants of their obligation to provide the Court with any changes in their addresses and telephone numbers.  Ct. doc. 78 at 4.  In her motion filed on September 6, 2013 (ct. doc. 82), plaintiff advised that documents that they attempted to deliver to Kyung Bok Choi and Young Mi Choi by courier were returned as undeliverable, even though they had been sent to addresses previously provided by defendant Soo Bok Choi.  By order filed on October 7, 2013, this Court granted that part of the plaintiff's

motion requiring the other defendants to provide Kyung Bok Choi's current contact information. Ct. doc. 84. This Court again warned defendants Kyung Bok Choi and Young Mi Choi that if they fail to provide current contact information or "to participate in future proceedings, sanctions could be imposed against them, including fines, imposition of attorneys' fees and, ultimately, entry of default judgment against them." Id. at 1-2.

Although the order mailed to Kyung Bok Choi was returned by the Post Office (ct. doc. 86), Kyung Bok Choi participated by telephone at a settlement conference held on November 6, 2013. See minute entry dated 11/6/13. He also appeared at a continuation of the settlement conference on November 13, 2013. See minute entry dated 11/6/13. Because settlement discussions were not successful, the Court gave Kyung Bok Choi and the other defendants a final opportunity to supplement responses to document requests and interrogatories by December 31, 2013 and to appear for depositions by February 14, 2014. See id.; Transcript of November 15, 1013 hearing at 16-18. However, defendant Kyung Bok Choi and the other defendants again failed to produce any response, which resulted in a further motion for sanctions (ct. doc. 101) to be separately addressed.

Kyung Bok Choi also failed to appear for a scheduled deposition for the third time, even though the deposition had been rescheduled to February 5, 2014 at defendant Kyung Bok Choi's request. See Scheinkman Decl. ¶ 13, Ex. I. Kyung Bok

Choi canceled the deposition on February 3, 2013 and has failed to respond to plaintiff's request for another deposition date.

On March 11, 2014, plaintiff filed the instant motion for sanctions and entry of default judgment against defendant Kyung Bok Choi. See ct. doc. 104. To date, defendant Kyung Bok Choi has not offered any explanation as to his lack of participation in this action or otherwise communicated with the Court.

DISCUSSION

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure states:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . (iii) striking pleading in whole or in part; . . . [or] (vi) rendering a default judgment against the disobedient party. . . .

Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi). Likewise, the sanctions available under Rule 37(b)(2) may be imposed if a court grants a motion to compel under Rule 37(d) for failure to appear for depositions, serve answers to interrogatories, or respond to document requests. See Fed. R. Civ. P. 37(d).

"Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed." Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 853 (2d Cir. 1995). However, "Rule 37 should not be construed to authorize dismissal [or entry of default for] noncompliance with a pretrial production order when it has been established that failure to comply has been due

to inability, and not to willfulness, bad faith, or any fault of [a party]." Cine Forty-Second St. Theater Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979) (quoting Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 357 U.S. 197, 212 (1958)). When considering imposing a severe sanction, such as dismissal or default, the court should also consider the willfulness of the non-complaint party or its reason for non-compliance and the efficacy of lesser sanctions. See World Wide Polymer, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (quoting Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)). In evaluating whether a default judgment is warranted, courts should consider the following factors: "(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned that noncompliance would be sanctioned." Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 451 (2d Cir. 2013) (quoting Agiwal, 555 F.3d at 302).

In the instant case, defendant Kyung Bok Choi has willfully failed to participate in a meaningful fashion. Despite plaintiff's numerous requests, defendant Kyung Bok Choi failed to provide responses to plaintiff's discovery demands and to appear for scheduled depositions three times. Defendant Kyung Bok Choi repeatedly failed to provide such responses, comply with

discovery orders and participate in court conferences despite numerous orders to do so.  See id. (noncompliance is willful where the party has received notice of the Court's orders and repeatedly fails to comply).  In each instance of noncompliance, defendant Kyung Bok Choi failed to provide an explanation for his unwillingness to provide discovery or appear for his depositions.  On this record, the Court concludes that defendant Kyung Bok Choi wilfully ignored plaintiff's discovery requests and this Court's orders.  See Naquib v. Pub. Health Solutions, No. 12-CV-2561, 2014 WL 3695946, at *4 (E.D.N.Y. June 16, 2014) (finding willfulness when non-compliant party received notice of each of her depositions and understood that the Court ordered her to appear); Brill v. Queens Lumber Co., No. 10 CV 1975, 2012 WL 441287, at *4 (E.D.N.Y. Feb. 10, 2012).

    Furthermore, sanctions other than default are unlikely to be effective in securing Mr. Choi's compliance.  Throughout this litigation, the Court has considered and imposed a lesser monetary sanction against defendant Kyung Bok Choi.  However, despite repeated warnings that discovery must be completed by a date certain and imposition of monetary sanctions, defendant Kyung Bok Choi has continued to ignore his discovery obligations and this Court's orders.  Even after the Court imposed sanctions on Mr. Choi for failing to appear for his deposition, he repeated the same conduct on two further occasions and has failed to pay the monetary sanctions imposed against him.  Therefore, this

Court concludes that no sanction short of entering default would suffice at this point.  See Perez v. Siraqusa, No. CV-05-4837, 2008 WL 2704402, at *6 (E.D.N.Y. July 3, 2008); Stirrat v. Ace Audio/Visual, Inc., No. 02 CV 2842, 2004 WL 2212096, at *3 (E.D.N.Y. 2004) ("no useful purpose would be served in issuing another discovery order or in imposing fines").

Moreover, more than 2 years have elapsed since defendant Kyung Bok Choi was served with plaintiff's complaint and no meaningful discovery has been conducted due to his disregard of his discovery obligations.  Despite being repeatedly warned and given opportunities by this Court to comply with his discovery obligations, defendant Kyung Bok Choi has continued a pattern of noncompliance since the beginning of this action, which weighs heavily towards an entry of default judgment.  See Robertson v. Dowbenko, 443 F. App'x 659, 661 (2d Cir. 2011) (affirming district court's entry of default given defendant's continued noncompliance and period of noncompliance delayed progress in case for more than two years).

Finally, the most severe sanctions available under Rule 37 may be imposed against a party who is proceeding pro se "so long as a warning has been given that noncompliance can result in dismissal."  Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (citing Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 766 (2d Cir. 1990)).  Here, the Court has explicitly and repeatedly warned defendant Kyung Bok Choi that

sanctions could be imposed, including the entry of default judgment, for his failure to comply with Court orders and appear at Court conferences and depositions. See, e.g., ct. doc. 57 (warning defendant Kyung Bok Choi that continued noncompliance may ultimately result in default judgment against him); minute entry dated 6/28/13 (same); ct. doc. 78 (same); ct. doc. 88 (same). The Court imposed monetary sanctions and notified defendant Kyung Bok Choi specifically at least four times that he risked default judgment if he fails to comply. See ct. doc. 57; see also Pl.'s Mem. at 14. Plaintiff served defendant Kyung Bok Choi with the instant motion on March 11, 2014, and no opposition has been filed. See ct. doc. 108. Therefore, defendant Kyung Bok Choi clearly has received ample notice that his noncompliance may result in having his answer stricken and an entry of default against him.[1]

Since the Court's warnings and lesser sanctions have plainly not been effective in compelling defendant Kyung Bok Choi's compliance, entry of default judgment is therefore an appropriate sanction. See Agiwal, 555 F.3d at 303 (affirming dismissal of pro se action as a sanction for willful failure to appear at

---

[1] An order mailed to Kyung Bok Choi on July 31, 2014 was returned to sender. See ct. doc. 121. However, orders mailed to the same address on August 12, 2014, August 21, 2014 and September 4, 2014 have not been returned. In addition to mailing this report and recommendation to Kyung Bok Choi at his last known address, it will be sent by email to an address plaintiff's counsel had previously requested permission to use for service - vanillabo26@hotmail.com..

three scheduled depositions); Sony BMG Music Entm't v. Thurmond, No. 06-CV-1230, 2009 WL 4110292, at *1 (E.D.N.Y. Nov. 24, 2009) (adopting report and recommendation that default judgment be granted for failure to appear at conferences or comply with court orders); Liberty Mut. Ins. Co. v. Fast Lane Car Serv. Inc., 681 F. Supp. 2d 340, 343 (E.D.N.Y. 2010) (adopting recommendation that default be entered where defendants failed to appear for court conference and respond to court orders).

CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court strike the answer of defendant Kyung Bok Choi and enter default against him.

This report and recommendation will be filed electronically and a copy mailed to Kyung Bok Choi on this date. Any objections must be filed, with a courtesy copy sent to the Honorable Dora L. Irizarry by September 25, 2014. Failure to file objections within the specified time waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 8, 2014

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE